1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD TINSON, | ) | NO. CV 15-0428-JLS (JEM) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER SUMMARILY DISMISSING** |
| | ) | **PETITION FOR LACK OF JURISDICTION** |
| W. MUNIZ, Warden, | ) | **AND DENYING A CERTIFICATE OF** |
| | ) | **APPEALABILITY** |
| Respondent. | ) | |

On January 21, 2015, Ronald Tinson ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition").  (Docket No. 1.)

## PRIOR PROCEEDINGS

In an amended information filed by the District Attorney of Los Angeles County, Petitioner was charged with first degree burglary (Cal. Penal Code § 459; count 1), attempted first degree burglary (Cal. Penal Code §§ 664, 459; count 2), and evading an officer in a wantonly unsafe manner (Cal. Veh. Code § 2800.2; count 3).  It was alleged that the crimes were committed for the benefit of a criminal street gang, within the meaning of section 186.22(b)(1)(B).  Moreover, the amended information set forth prior prison term and prior conviction allegations within the meaning of Cal. Penal Code §§ 1170.12(a)-(d), 667(b)-(i), 667.5(b) and 667(a)(1).  Petitioner pleaded not

guilty and denied the special allegations.  (Petition at 1-2, 9-10;[1] Report and Recommendation of United States Magistrate Judge ("R&R"), filed on October 29, 2013, Tinson v. Grounds, Warden, Case No. CV 13-0968 ABC (JEM), at 2).[2]

Following a jury trial and a bifurcated trial before the court on the priors allegations in Los Angeles County Superior Court, Case No. VA110174, Petitioner was found guilty as charged and special allegations were found true.  Petitioner was sentenced under the California's Three Strikes law to state prison for three consecutive terms amounting to a total of 95 years to life.  (Petition at 2, 10; R&R at 2).

On October 16, 2012, Petitioner filed a petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. Section 2254, in this Court, Tinson v. Grounds, Warden, Case No. CV 12-8896 ABC (JEM) ("October 2012 Petition").  On January 10, 2013, Petitioner voluntarily withdrew the October 2012 Petition. (Tinson v. Grounds, Warden, Case No. CV 12-8896 ABC (JEM) Docket No. 9.)

On February 11, 2013, Petitioner filed another petition for writ of habeas corpus by a person in state custody, pursuant to 28 U.S.C. § 2254, in this Court, Tinson v. Grounds, Warden, Case No. CV 13-0968 ABC (JEM) ("February 2013 Petition"), challenging his conviction and/or sentence in Los Angeles County Superior Court Case No. VA110174.  (R&R at 1-2).  Respondent filed an Answer to the February 2013 Petition on May 14, 2013.  Petitioner filed a Reply on August 19, 2013.  On October 29, 2013, the Magistrate Judge issued his R&R, recommending that the February 2013 Petition be dismissed with prejudice on the merits.  (R&R at 1-21).  The District Court accepted the R&R and dismissed the February 2013 Petition on January 10, 2014.  (See Judgment, Tinson v. Grounds, Warden, Case No. CV 13-0968 ABC (JEM)).

---

[1] For ease of reference, the Court labels and refers to the pages in the Petition in consecutive order, i.e., 1-16.

[2] The Court takes judicial notice of the files and records in Tinson v. Grounds, Warden, Case No. CV 13-0968 ABC (JEM).  See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) ("In particular, a court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); accord United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004).

On January 21, 2015, Petitioner filed the instant Petition.  In the Petition, Petitioner challenges his conviction and/or sentence in Los Angeles County Superior Court Case No. VA110174.  (See Petition at 1-2, 9-10).

## DISCUSSION

The present Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  AEDPA amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶] (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); see also Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.  In addition, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that if it plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court, the judge shall summarily dismiss the petition.

The instant Petition is a second or successive petition challenging Petitioner's conviction and/or sentence in Los Angeles County Superior Court Case No. VA110174.  "If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court."  Magwood v. Patterson, 130 S.Ct. 2788, 2796 (2010).  There is no indication in the record that Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition.  "When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application."  Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003) (internal quotation marks and citation omitted); accord Burton v. Stewart, 549 U.S. 147, 152, 127 S.Ct. 793, 796 (2007) (per curiam).  Because the Petition is a "second or successive" petition, the Court lacks jurisdiction to consider the merits of Petitioner's Petition.  See Magwood, 130 S.Ct. at 2796 ("if [petitioner's] application [is] 'second or successive,' the District Court [must] dismiss[] it in its entirety because [petitioner] failed to obtain the requisite authorization from the Court of Appeals[]"); accord Burton, 549 U.S. at 152, 127 S.Ct. at 796.  Accordingly, the Court will dismiss the Petition without prejudice to Petitioner filing a new action if and when he obtains permission to file a successive petition.[3]

Based on the foregoing, IT IS ORDERED THAT the Petition is summarily dismissed without prejudice for lack of jurisdiction.

/ / /

/ / /

---

[3] If Petitioner obtains permission to file a second petition, he should file a new petition for writ of habeas corpus.  He should not file an amended petition in this action or use the case number from this action because the instant action is being closed today.   When Petitioner files a new petition, the Court will give the petition a new case number.

1

## **CERTIFICATE OF APPEALABILITY**

2          Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a

3   habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge

4   or a circuit judge.  28 U.S.C. § 2253(c)(1)(A).  A COA may issue "only if the applicant has made

5   a substantial showing of the denial of a constitutional right."  Id. at § 2253(c)(2); accord Williams

6   v. Calderon, 83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183 (1996).  "A petitioner satisfies

7   this standard by demonstrating that jurists of reason could disagree with the district court's

8   resolution of his constitutional claims or that jurists could conclude the issues presented are

9   adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327,

10  123 S.Ct. 1029, 1034 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595,

11  1603-04 (2000).

12          When a district court dismisses a petition on procedural grounds, the reviewing court should

13  apply a two-step analysis, and a COA should issue if the petitioner can show both:  (1) "that jurists

14  of reason would find it debatable whether the district court was correct in its procedural ruling[;]"

15  and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of

16  the denial of a constitutional right[.]"  Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

17          The Court is dismissing the Petition without prejudice because it is a second or successive

18  petition.  Since the Petition is clearly a second or successive petition, Petitioner cannot make the

19  requisite showing "that jurists of reason would find it debatable whether the district court was

20  correct in its procedural ruling."  Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

21

## **ORDER**

22          Based on the foregoing, IT IS ORDERED THAT:

23          1.  The Petition is **dismissed without prejudice** for lack of jurisdiction;

24          2.  A Certificate of Appealability is **denied**.

25

26  DATED: February 20, 2015.

27
                                                    _____
28                                                         JOSEPHINE L. STATON
                                                    UNITED STATES DISTRICT JUDGE